UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CV-23995

**SAMUEL SCOTT JR**,
    Plaintiff,

v.   **[JURY DEMAND]**

**CITY OF MIAMI**, a political subdivision of the State of Florida, **JONATHAN GUZMAN, MICHAEL BLOOM, BRANDON WILLIAMS, MIGUEL HERNANDEZ, RANDY CARRIEL,** sued in their individual capacity,
    Defendant.

**COMPLAINT**

Plaintiff, Samuel Scott Jr., by and through counsel, hereby files his complaint and alleges:

**PARTIES**

1. Plaintiff, Samuel Scott Jr., is a United States citizen.

2. Defendant, City of Miami, is a municipal entity organized pursuant to the laws of Florida.

3. Defendant, Jonathan Guzman, is a police officer with the City of Miami. Guzman is sued in his individual capacity.

4. Defendant, Michael Bloom, is a police officer with the City of Miami. Williams is sued in his individual capacity.

5. Defendant, Brandon Williams, is a police officer with the City of Miami. Williams is sued in his individual capacity.

6. Defendant, Miguel Hernandez, is a police officer with the City of Miami. Hernandez is sued in his individual capacity.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 1

7. Defendant, Randy Carriel, is a police officer with the City of Miami. Guzman is sued in his individual capacity.

8. Defendant officers acted under the color of statute, ordinance, regulation, custom, or usage, of City of Miami, Miami Dade County and/or the State of Florida.

9. All condition precedents have been satisfied.

## JURISDICTION & VENUE

10. This action is for legal and equitable relief brought pursuant to 42 USC § 1983 and 1988 regarding violations of Plaintiff's rights under the Fourth Amendment of the United States Constitution. Plaintiff's closely related state law claims are within this Court's jurisdiction pursuant to 28 USC § 1367.

11. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Florida.

## STATEMENT OF FACTS

12. On June 1, 2018, Samuel Scott, a 44-year-old 5'10 black male wearing black t-shirt and blue jeans was visiting a relative who resides in the area of 568 NW 48 Street, Miami, Florida. The ***overwhelming*** majority of the residents are Black. The neighborhood is safe and is not known to be a high crime area.

13. While visiting the relative, Scott parked his 2006 black Jeep Compass directly in front of his relative house. Scott went into his relative home for about five minutes, and when he exited, his vehicle was gone. At approximately 6:00 PM, Scott reported his vehicle stolen.

14. At approximately 6:05 PM, and two miles away from Scott's location, Defendant Guzman noticed the black Jeep Compass traveling 20 miles per hour above the speed limit. Defendant Guzman began to follow the vehicle. The vehicle



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | **2**

collided with another car and the driver exited the vehicle and fled the crash scene. Defendant Guzman did not see the driver's face but saw a 6'2 heavy set black male wearing a white tank top fleeing the scene. The vehicle was totaled.

15. Defendant Bloom was dispatched to Scott. Defendant Bloom called Scott attempting to locate him, and found Scott where he reported the vehicle stolen. On his cellphone, Scott waived Defendant Bloom down to get his attention. Scott explained to him that the car was stolen in the location in which they stood. Defendant Bloom began interrogating Scott. Defendant Bloom asked whether the vehicle was repossessed. Scott explained that the car had not been repossessed but it was stolen. Defendant Bloom asked Scott to complete and execute stolen vehicle affidavit detailing the situation. Scott did so without hesitation.

16. After completion of the affidavit, Defendants Guzman, Williams, Carriel, and Hernandez arrived on the scene where the vehicle was stolen. Defendant Guzman greeted Defendant Bloom and asked did Scott sign the affidavit. Bloom said, "Yes." Upon confirmation, Defendants all surrounded Scott and immediately began interrogating him as if he had stolen his own vehicle. Defendants had Scott placed his hands on Bloom's patrol car, and Carriel had his taser out ready to use it on Scott. Williams and Hernandez began to search Scott's person. Guzman noticed that under his black shirt, he was wearing a white undergarment. Because Scott was a black male, and he had a white undergarment beneath his black t-shirt, Defendants arrested Scott. Defendants Williams and Hernandez removed Scott's personal belongings including his wallet.

17. Scott began to proclaim his innocence stating that Defendants were arresting the wrong guy. Scott explained that he called the police for assistance because his vehicle was stolen, and he could confirm his whereabouts during the time his vehicle was stolen (most of which was in the presence of Defendant Bloom).

Scott explained that he had never been arrested. Guzman did not believe Scott, a black man, was never arrested. Upon placing handcuffs on Scott, Scott was placed in Guzman's patrol vehicle. When Defendants searched Scott, he was not in possession of a gun or drugs.

18. Defendants charged Scott with reckless driving, leaving the scene of an accident, false reporting of a crime, failure to carry a concealed weapon license, and possession of marijuana. Probable cause for these charges was that Scott was a black male wearing a white tank top beneath his black t-shirt in a predominantly black neighborhood who reported his vehicle stolen.

19. Scott was taken to Turner Guilford Knight correctional facility. Scott was booked, strip searched, and placed into an inmate uniform.

20. Defendants falsely arrested and imprisoned Scott. Scott's bond was fixed at $5,000.00 for these charges. Scott was released the following night.

21. Scott retained private counsel to defend him in the criminal proceeding. Ultimately, the State dropped all charges.

22. As a result of Defendants' conduct, Scott suffered damages. These damages included but not limited to emotional, physical, and financial injury. Scott incurred a loss of property. Scott suffered humiliation and embarrassment as result of this incident. Additionally, Scott incurred unnecessary legal costs due to the defense of the criminal proceeding.

## Unlawful Seizure against
## Guzman, Bloom, Williams, Carriel, Hernandez (Federal Claim)

23. This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure of Plaintiff's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment.



600 Southwest 4th Avenue, Fort Lauderdale, Florida 33315

24. Scott was falsely arrested by Defendants. Scott was detained for approximately one day in Miami-Dade County jail.

25. Defendants did not have probable cause to arrest Scott. There was nothing that Defendants observed that showed that Scott committed, was in the process of committing, or was going to commit a crime. Scott requested the aid of police officers because his car was stolen. Scott did not steal his own car and he did not falsify a report. Scott did not have drugs or a weapon on his person. Scott did not match the description of the suspect who fled the crash scene – two miles away. The fact that Scott was a black man in a predominantly black neighborhood did not give probable cause for arrest for any crime, this is particularly true where Defendants did not have a specific description of the suspect.

26. As a result of Defendants' unlawful and intentional conduct, Scott's person was unreasonably seized. Had it not been for Defendants' arrest without probable cause, Scott would not have been detained in Miami-Dade County jail.

27. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Scott pursuant to the laws of Florida.

### Unlawful Search against
### Williams and Hernandez (Federal Claim)

28. This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable search of Plaintiff's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment.

29. Scott was subject to unreasonable search by Williams and Hernandez.

30. Defendant did not have probable cause to search Scott. Scott had reported his vehicle stolen to the police and it was him who awaited the police



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

officers at the scene where his vehicle was initially stolen. Scott was in the presence of Defendant Bloom while Guzman was engaged in a car chase with the suspect of the stolen vehicle – two miles away. The fact that Scott was a black man did not give Defendants probable cause to search him and remove his possession.

31. As a result of Defendants' unlawful and intentional conduct, Scott's person was unreasonably searched.

32. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers searching Scott pursuant to the laws of Florida.

### False Imprisonment/False Arrest against
### Guzman, Bloom, Williams, Carriel, Hernandez (State Claim)

33. This action is brought pursuant to laws of the State of Florida and alleges that Defendants falsely arrested and imprisoned Scott. Scott was subject to an unlawful detention and deprivation of liberty against his will. Scott was detained for approximately one day in Miami-Dade County jail against his will.

34. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendants at the time of Scott's arrest, Defendants knew there was no probable cause to arrest Scott for any offense under Florida law, because:

    a. Defendants knew that Scott had reported his vehicle stolen.

    b. Defendants found Scott at the scene where his vehicle was stolen.

    c. Defendant Bloom was with Scott while Guzman was engaged in a car chase with the suspect of the stolen vehicle.

    d. Scott's vehicle was crashed over 2 miles away from where his vehicle was stolen.

    e. Defendants at no point observed Scott driving his stolen vehicle.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

  f. Scott did not match the description of the suspect.

  g. Scott being a black man wearing a black t-shirt in a predominantly black neighborhood is not a crime.

  h. Scott did not have a gun or drugs on his person.

35. The detention was intentional. Defendants intended to cause the unlawful detention and deprive Scott of his liberty by falsely arresting him. Moreover, Defendants' actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference to Scott's rights, health and safety, thus merits an award of punitive damages against said Defendants.

## False Imprisonment/False Arrest against City of Miami (State Claim)

36. This action is brought pursuant to laws of the State of Florida and alleges that City of Miami falsely arrested Scott. Scott was subject to an unlawful detention and deprivation of liberty against his will. Scott was detained for one day in Miami-Dade County jail against his will.

37. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendant at the time of Scott's arrest, Defendant knew there was no probable cause to arrest Scott for any offense under Florida law, because:

  a. Defendant's agents knew that Scott had reported his vehicle stolen.

  b. Defendant's agents found Scott at the scene where the vehicle was stolen.

  c. Defendant's agent, Bloom, was with Scott where the vehicle was stolen while Guzman was engaged in a car chase with the suspect of the stolen vehicle

    d. Scott's vehicle was crashed over 2 miles away from where his vehicle was stolen.

    e. Defendant's agents at no point observed Scott driving his stolen vehicle.

    f. Scott did not match the description of the suspect.

    g. Scott being a black man wearing a black t-shirt in a predominantly black neighborhood is not a crime.

    h. Scott did not have a gun or drugs on his person.

38. The detention was intentional. Defendant intended to cause the unlawful detention and deprive Scott of his liberty. Defendant's agents did not observe any criminal activity by Scott but arrested him anyway.

## Malicious Prosecution against Guzman and Bloom (State Claim)

49. This action is brought pursuant to the laws of Florida against Defendants.

50. A criminal proceeding in the Circuit Court of Miami-Dade County, Florida was commenced against Scott. The persons responsible for the initiation of the criminal proceeding were Guzman and Bloom.

51. The criminal proceeding ended with the State dropping all charges in Scott's favor.

52. There was an absence of probable cause for the original proceeding. At the time of the original proceeding, Defendants did not have probable cause to arrest or prosecute Scott for any of the charges. Specifically, Scott, a black man in a black t-shirt in a predominantly black neighborhood did not constitute probable cause for any charges under Florida law.

53. There was malice on the part of the Defendants because they arrested Scott because they knew there was not a scintilla of probable cause to support the arrest and the continued prosecution. Defendants refused to investigate evidence that clearly exonerated Scott (e.g., Scott was with a City of Miami police officer during the car chase).

54. Defendants were the driving force of the criminal proceeding against Scott as there was no other basis for the prosecution of the matter.

55. Scott suffered damages as a result of the criminal proceeding. These damages include but not limited to emotional, physical, and financial injury. Scott incurred a loss of property. Scott suffered humiliation and embarrassment as result of this incident. Additionally, Scott incurred unnecessary legal costs as a result of the defense of this matter. Moreover, Defendants' actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regard to Scott's rights, health and safety, thus merits an award of punitive damages against said Defendants.

## PRAYER

Wherefore Plaintiff, for each and every cause of action above demands the following relief against all Defendants;

a. Compensatory general and special damages in an amount in accordance with proof;
b. Consequential damages;
c. Exemplary damages, against each and every Defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of said defendant;


600 Southwest 4th Avenue, Fort Lauderdale, Florida 33315

d. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;

e. Prejudgment and post-judgment interests where permitted by law,

f. Punitive damages;

g. Nominal damages;

h. Costs of suit and interest accrued incurred herein; and

i. Other forms equitable and/or legal relief the Court deems just or proper.

Respectfully submitted by,

PIERRE **SIMON**
Attorneys for Plaintiff
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315

By: s/ Faudlin Pierre
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193

PIERRE **SIMON**
600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**
Page | **10**