UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  21-cv-23995-HUCK/Becerra

SAMUEL SCOTT JR.,

    Plaintiff,

vs.

CITY OF MIAMI, a
Political subdivision of the
State of Florida, JONATHAN
GUZMAN, MICHAEL BLOOM,
BRANDON WILLIAMS,
MIGUEL HERNANDEZ and
RANDY CARRIEL, sued in their
individual capacity,

    Defendants.
_____/

## DEFENDANT MIGUEL HERNANDEZ'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, MIGUEL HERNANDEZ, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12, Southern District of Florida Local Rule 7.1, and this Court's Order dated, hereby files this Motion to Dismiss and Incorporated Memorandum of Law, and states:

1.     This is a purported civil rights action arising from Plaintiff's arrest on June 1, 2018. Plaintiff alleges three (3) causes of action against Officer Miguel Hernandez: unlawful seizure under 42 U.S.C. § 1983 ("Count I")[1]; unlawful search under 42 U.S.C. § 1983 ("Count II"); and

---

[1] The Complaint does not enumerate the counts, but have been referenced as such in the motion as they are the first three claims.

false imprisonment/false arrest under state law ("Count III"). Dismissal is appropriate on all counts.

2. The Complaint includes a myriad of conclusory allegations and asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, requiring dismissal under *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *see also Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001). Each captioned cause of action lacks specificity on any action or conduct on the part of Officer Hernandez. In the entire Complaint, Officer Hernandez is referenced by name in two substantive paragraphs. *See* D.E. #1 at ¶¶16, 29. Plus, none of the allegations in Paragraphs 12-22 are realleged and the Individual Defendants are referred to collectively as "Defendants" throughout the Complaint. And, even if the allegations were re-alleged, there lacks a sequential order of events that is difficult to follow for this particular Defendant. Each claim stands with a recitation of elements for the claim and bald allegations that fail to state a cause of action. This Complaint does not adequately put Officer Hernandez on notice as to the basis of the facts supporting the claims.

3. Importantly, Plaintiff's allegations fail to allege that Officer Hernandez **actually** arrested Plaintiff, and are insufficient to state a claim for unlawful seizure or false arrest against him. *Simmons v. Eddins*, 2015 WL 10433461, at *3 (N.D. Fla. Dec. 14, 2015) report and recommendation adopted, 2016 WL 868235 (N.D. Fla. Mar. 4, 2016); *see also Allen v. Pacheco*, 8:20-CV-1846-T-33JSS, 2020 WL 7318954, at *4 (M.D. Fla. Dec. 11, 2020)(dismissing section 1983 false arrest claim with prejudice).

4. The four corners of the Complaint establish probable cause which bars the claims for the federal unlawful seizure and state false arrest. *See Whittington v. Town of Surfside*, 490 F. Supp. 2d 1239, 1249 (S.D. Fla. 2007) *aff'd in part,* 269 Fed. Appx. 918 (11th Cir. 2008). Probable cause

is established because Defendants had reason to believe that Plaintiff, at a minimum, fit the description of the suspect who fled the scene of the vehicular accident consistent with Fla. Stat. § 316. 061 or falsely reported a crime under Fla. Stat. § 817.419 because of the Plaintiff's location from the scene and the type of report being made.

5. Additionally, Officer Hernandez would be entitled to qualified immunity from a Fourth Amendment claim, since an officer need not have actual probable cause, but only "arguable probable cause" to make an arrest. *Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003); *Knight v. Jacobson*, 300 F.3d 1272, 1274 (11th Cir. 2002). Given he relied on the information from his fellow officer about the accident scene that was left in close proximity to where Plaintiff was located, along with any observations he may have made upon arrival, arguable probable cause existed for Plaintiff's arrest under the totality of the circumstances barring the federal unreasonable seizure claim. Even if the Officers were reasonably mistaken in believing the Plaintiff was the person identified who fled the scene, qualified immunity would still apply.

6. Next, as pled, Plaintiff's actions constituted voluntary non-verbal consent, making the search valid and not giving rise to liability under § 1983 for an unreasonable search. *United States v. Chrispin*, 181 Fed. Appx. 935, 938 (11th Cir. 2006) (citing *United States v. Kapperman*, 764 F.2d 786, 793 (11th Cir. 1985). Here, Plaintiff was cooperating with the Defendants at all times prior to the actual arrest of Plaintiff, and there is no allegation that coercion or physical force was used by Officer Hernandez or that Plaintiff was restrained **prior** to the actual arrest.

7. Qualified immunity also shields Officer Hernandez on the federal claim related to the search. To the extent the consensual encounter prior to the arrest transformed into a seizure, only reasonable suspicion or arguable reasonable suspicion was required for the search of his person even if the Defendant officers only observed legal activity. *See Moreno v. Turner*, 572 Fed. Appx.

852, 853 (11th Cir. 2014)(affirming dismissal of 1983 unlawful search and seizure claim based on officers entitlement to qualified immunity where officer had plaintiff place his hands on patrol car and frisked him seizing personal items including wallet and where plaintiff's factual allegations were too vague and conclusory). Officer Hernandez only needed, at a minimum, arguable reasonable suspicion to briefly seize the Plaintiff for purposes of a search of Plaintiff's person due to the nature of the potential crime committed. *Jackson v. Sauls,* 206 F.3d 1156, 1164 (11th Cir. 2000). Additionally, as alleged, Officer Hernandez did not remove Plaintiff's wallet until after the arrest. D.E. #1 at ¶16. Thus, the search of the wallet was a valid search incident to arrest. *See United States v. Brown*, 822 F. Supp. 750, 753 (M.D. Ga. 1993), aff'd, 50 F.3d 1037 (11th Cir. 1995).

8.      Finally, Plaintiff's state law tort for false arrest/imprisonment must be dismissed as Officer Hernandez is entitled to sovereign immunity pursuant to Florida Statute § 768.28(9)(a). Section 768.28(9)(a) provides officers with immunity from suit and attaches a presumption of good faith to an officer's actions, unless it is shown that the officer "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights." The allegations as pled, collectively against "Defendants" for false arrest, fail to provide any allegations demonstrating the conclusion that Officer Hernandez acted in bad faith, with malicious purpose or willful disregard.

## **MEMORANDUM OF LAW**
### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Iqbal*, 556 U.S. at 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Id*. at 1224.

## I. THE COMPLAINT IS AN IMPERMISSIBLE SHOT-GUN PLEADING AND FAILS TO STATE A CAUSE OF ACTION

A complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8. *Ramos v. County of Miami Dade*, 2012 WL 3962436, at *3 (S.D. Fla. Sep. 10, 2012)(citing *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04–60602 CIV, 2006 W L 4590705, at *5 (S.D. Fla. Apr. 14, 2006)). Shotgun pleadings that run afoul of these requirements must be dismissed as a matter of law. The Eleventh Circuit conducted an in-depth analysis of the various forms of shotgun pleadings that have developed over the years. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The court found that "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

The entire Complaint is flawed in this way. Specifically, this Complaint falls into the second and fourth categories of pleading violations under *Weiland*. It commits "the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and the "rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1322-23; *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Here, there are conclusory, vague, and non-sequential facts found in paragraphs 12-22 that are not obviously connected to a particular cause of action or a particular Defendant. Moreover, Plaintiff fails to reallege these conclusory allegations in each cause of action. This is a clear violation under *Weiland*.

For instance, the Complaint names five Defendants in their individual capacity: Jonathan Guzman, Michael Bloom, Brandon Williams, Miguel Hernandez, and Randy Carrell. Like the plaintiff in *Magluta*, Plaintiff pleads blanketed and conclusory allegations against five distinct affiliated people, which Plaintiff refers to collectively as "Defendants", without distinguishing the action taken among the five Defendants. *See, e.g.*, D.E. 1 ¶ 16 ("Defendants all surrounded Scott and…began interrogating him…Defendants had Scott place[] his hands on Bloom's patrol car…Defendants arrested Scott); ¶ 18 ("Defendants charged Scott with reckless driving...."); ¶ 20 ("Defendants falsely arrested and imprisoned Scott…"); ¶ 22 ("as a result of Defendants' conduct...."); ¶ 24 ("Scott was falsely arrested by Defendants"); ¶ 25 ("Defendants did not have

probable cause…); ); ¶ 26 (as a result of Defendants' unlawful and intentional conduct, Scott's person was unreasonably seized); ); ¶ 31 (as a result of Defendants' unlawful and intentional conduct, Scott's person was unreasonably searched); *see also* ¶¶ 27, 30, 32, 33, 34, 35. Plaintiff only refers to Officer Hernandez specifically as arriving on scene, searching his person and removing his wallet, along with another officer. D.E. 1 ¶ 16.

The allegations are riddled with impermissible legal arguments and conclusions that make it difficult to discern what exactly is being alleged. Such pleadings violate the mandate that a complaint contain a "short and plain statement" of the cause of action "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and are frequently dismissed for a violation the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8, 10; *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002) (affirming dismissal of shotgun pleading); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1354 (11th Cir. 2018).

Plaintiff's failure to more precisely parcel out and identify the facts relevant to each claim materially increases the burden of understanding the factual allegations underlying each count and does not adequately put Officer Hernandez on notice of the specific claims against him and the factual allegations that support the claims against him. *See Simmons v. Eddins*, No. 3:15CV163/MCR/EMT, 2015 WL 10433461, at *3 (N.D. Fla. Dec. 14, 2015)(quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)) (The plaintiff must thus show that the defendant actually made the arrest…, or that the defendant was part of the arresting officer's chain of command authorizing the arrest."); *Allen v. Pacheco*, 8:20-CV-1846-T-33JSS, 2020 WL 7318954, at *3 (M.D. Fla. Dec. 11, 2020) ("Merely being present with the arresting officers at the scene is not enough, unless the plaintiff can show that the defendant officer was part of the chain of

command authorizing the arrest action."; citing *Brown v. City of Huntsville*, 608 F.3d 724, 737 (11th Cir. 2010)). Plaintiff has insufficiently pled violations of his constitutional rights because he has impermissibly comingled various Defendants un multiple causes of actions, in a conclusory manner, without specifying each individual's actions for alleged claims.

These allegations, indicating that Officer Hernandez was merely present at the scene of the arrest and **not** the arresting officer, while providing nothing other than conclusory allegations relating to the unlawfulness of search, do not sufficiently state a cause of action against Officer Hernandez. Therefore, the Complaint must be dismissed for failure to state a cause of action and for clear violations of the pleading standards. *See Pacheco*, 2020 WL 7318954, at *3-4 (dismissing section 1983 false arrest claim with prejudice); *Dawson v. Jackson*, No. 2:16-CV-01738-RDP, 2017 WL 3620254, at *6 (N.D. Ala. Aug. 23, 2017)("Plaintiff's claim of false arrest against [d]efendant Watson falters because Watson himself did not perform the arrest or in any way command Jackson to arrest Plaintiff."), aff'd, 748 F. App'x 298 (11th Cir. 2018); *Brown v. City of Huntsville, Ala*., 608 F.3d 724, 737 (11th Cir. 2010)(holding that false arrest claim against non-arresting officer failed even though that officer said "arrest [plaintiff], too"); *Moton v. Walker*, 809-CV-1986-T-33TBM, 2010 WL 2136553, at *5 (M.D. Fla. May 26, 2010) (dismissing claim for unreasonable search for failure to state a cause of action where plaintiff merely alleged conclusory allegations about the search); *Pribyl v. Unknown Florida Dep't of Law Enf't Officers*, 4:18CV365-WS-MAF, 2021 WL 1799426, at *3 (N.D. Fla. Mar. 16, 2021), report and recommendation adopted, 4:18CV365-WS/MAF, 2021 WL 1788401 (N.D. Fla. May 4, 2021) (dismissing claims of unlawful search and seizure against special agent for failure to state a claim where plaintiff has only alleged conclusory assertions); *Rene v. Lawson*, 617CV120ORL31DCI, 2017 WL 2958893, at *2, 3 (M.D. Fla. July 11, 2017)(dismissing an unchanged amended

complaint that was previously dismissed due to conclusory facts and for failure to properly allege plaintiff was subjected to an improper search); *Young v. Borders*, 5:13-CV-113-OC-22PRL, 2013 WL 12180597, at *6 (M.D. Fla. May 14, 2013)(dismissing fourth amendment claim of unreasonable search and seizure for failing to raise factual allegations to support the cause of action).

The same analysis can be applied to the allegations related to the state law claim for false imprisonment/false arrest against Officer Hernandez and the other officers. Commingling various claims against all defendants together may "warrant dismissal of a complaint." *Collado v. Baroukh*, 226 So. 3d 924, 927 (Fla. 4th DCA 2017). "[E]ach claim should be pleaded in a separate count instead of lumping all defendants together." *Pratus v. City of Naples*, 807 So.2d 795, 796–97 (Fla. 2d DCA 2002). This is particularly true when the Defendants actions are consistently collectively referred to in the aggregate. As such all of the claims pled against Officer Hernandez should be dismissed.

## II. PROBABLE CAUSE IS ESTABLISHED BARRING THE FEDERAL UNLAWFUL SEIZURE CLAIM AND STATE LAW FALSE ARREST CLAIM (Counts I and III)

While it is well-established that a warrantless arrest without probable cause violates the Fourth Amendment, the existence of probable cause is an absolute bar on a false arrest claim.[2] *Whittington v. Town of Surfside*, 490 F. Supp. 2d 1239, 1249 (S.D. Fla. 2007) *aff'd in part,* 269 Fed. Appx. 918 (11th Cir. 2008). Just like a claim of false arrest under 42 U.S.C. § 1983, probable cause is an absolute bar to a false arrest claim under Florida law. *Id*. (noting that, in Florida,

---

[2] There is no material distinction between claims for false arrest or unlawful seizure, since Plaintiff's unlawful seizure claim is based on the arrest, not on any alleged seizure prior to the arrest. D.E. 1 at ¶ 24, 26. As such, case law on false arrest claims apply to claims of unlawful seizure. *See Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1409 (S.D. Fla. 2014)(plaintiff brought a Fourth Amendment unlawful seizure claim based on false arrest and the Court construed it as a false arrest claim under Section 1983).

existence of probable cause disposes of, inter alia, state law claim for false arrest); *See generally Gomez v. Lozano*, 839 F. Supp. 2d 1309, 1317 (S.D. Fla. 2012) (acknowledging that probable cause is an affirmative defense to false arrest and false imprisonment claims under Florida law).

"Probable cause [to arrest] exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Marx v. Gumbinner,* 905 F.2d 1503, 1505-06 (11th Cir. 1990). Officers are not required to conduct a mini-trial before making an arrest. *Mills v. Town of Davie*, 48 F. Supp.2d 1378 (S.D. Fla. 1999). Additionally, "Officers are 'not required to forego arresting [a suspect] based on initially discovered facts showing probable cause simply because [the suspect] offered a different explanation.'" *McDowell v. Gonzalez*, 424 F. Supp. 3d at 1228 (citing *Marx v. Gumbinner,* 905 F.2d 1503, 1507 n. 6 (11th Cir. 1990)).

Here, Officer Guzman "saw a heavy set 6'2 heavy set black male wearing a white tank top fleeing the scene" of a crash involving the alleged stolen vehicle. D.E. 1 ¶ 16. As explained *infra*, reasonable suspicion existed to believe Plaintiff was involved in criminal activity, particularly Fla. Stat. § 316.061 and search him. Upon searching Plaintiff's person, Officer "Guzman noticed that under [Plaintiff's] black shirt, he was wearing a white undergarment." D.E. 1 ¶¶ 14, 16. Because Plaintiff fit the description provided by Guzman, Plaintiff was arrested. D.E. 1 ¶ 16. Officer Hernandez knew that a crime was committed and Plaintiff met the description provided by Officer Guzman, the officer who witnessed the crime. Thus, probable cause exists based on the four corners of the Complaint. *See Span v. McNeil*, 307-CV-155-J-3JRK, 2010 WL 672770, at *7 (M.D. Fla. Feb. 23, 2010), aff'd sub nom. *Span v. Sec'y, Dept. of Corr.*, 401 Fed. Appx. 451 (11th Cir. 2010)(finding probable cause to make arrest where officers were provided with a physical

10

description and clothing and personally observed that the suspects matched the description; *citing Cole v. State*, 701 So.2d 845, 855 (Fla. 1997) (per curiam), cert. denied, 523 U.S. 1051 (1998)); *United States v. McGee*, 464 F.2d 542, 543 (5th Cir. 1972)(finding that the officers had probable cause for arrest based on what they knew: a crime was committed; the color shirt of one of the suspects; that two suspects had fled the scene in a Pontiac; and that the arrestee was spotted within the sight of the Pontiac, fit the general description of one of the robbers, and was wearing the same shirt described); *McDowell*, 424 F. Supp. 3d at 1228 (finding probable cause based on facts known to Defendants at time of arrest such as the receipt of a criminal complaint, description of suspect that matched arrestee, and a positive identification from victim).

### III. QUALIFIED IMMUNITY SHIELDS OFFICER HERNANDEZ FROM LIABILITY ON FEDERAL UNLAWFUL SEIZURE AND SEARCH CLAIMS (Counts I and II)

The doctrine of qualified immunity allows public officials to carry out discretionary duties without the chilling fear of personal liability or harassment of litigation. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). It "offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1223 (S.D. Fla. 2019), aff'd, 820 Fed. Appx. 989 (11th Cir. 2020). Qualified immunity allows "government officials to carry out their discretionary duties without the fear of personal liability" and "protects from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Id*. (quoting *Wood v. Kesler,* 323 F.3d 872, 877 (11th Cir. 2003). "Because § 1983 'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation,' each defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions." *Id*. at 1225 (quoting *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018)).

Officer Hernandez readily establishes that he was acting within the scope of his discretionary authority as he undertook all the challenged actions while on duty as a police officer conducting an investigation into criminal activity and subsequent arrest. D.E. #1 at ¶ 6; *see also McDowell v. Gonzalez*, 424 F. Supp. 3d at 1223. Moreover, Plaintiff has not established that Defendants' conduct in believing a man who reports his stolen vehicle may also be involved in the vehicular accident surrounding the allegedly stolen vehicle is a violation of any clearly established constitutional or statutory right of which a reasonable person would have known, entitling Officer Hernandez to qualified immunity. *See Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556 (11th Cir. 1993) *modified,* 14 F.3d 583 (11th Cir. 1994) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

### A. Arguable Probable Cause Existed for Plaintiff's Arrest (Count I)

In the context of a qualified immunity analysis, the issue is not whether actual probable cause existed but instead whether there was "arguable probable cause" for the plaintiff's arrest. *Whittington*, 490 F. Supp. 2d at 1250 (quoting *Davis v. Williams,* 451 F.3d 759, 762–63 (11th Cir. 2006)). "Arguable probable cause exists where 'reasonable officers in the same circumstances and possessing the same knowledge as the defendant could have believed that probable cause existed to arrest Plaintiff.'" *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). "Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." *Id*. at 734-75 (quoting *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990)). "[I]n conducting a § 1983 analysis, courts must 'evaluate a given defendant's qualified-immunity claim, considering only the actions and omissions in which that particular defendant

engaged.'" *McDowell v. Gonzalez*, 424 F. Supp. 3d at 1225 (citing *Alcocer v. Mills,* 906 F.3d 944, 951 (11th Cir. 2018)).

Turning to Plaintiff's § 1983 unlawful seizure claim, aside from there being actual probable cause, the allegations establish that arguable probable cause also existed at the time of his arrest, entitling Officer Hernandez to qualified immunity. Based on the facts and circumstances, this Officer could have reasonably believed that he had probable cause to arrest Plaintiff based on Hernandez's knowledge and experience and Plaintiff fitting the description of suspect provided by Guzman. It matters not if this belief was mistaken, since, at the time of Plaintiff's arrest, Officer Hernandez acted within the lawful execution of his duties. *See Hunter v. Bryant*, 504 U.S. 224, 229. Accordingly, Plaintiff's unlawful seizure claim must be dismissed. *See Rankin v. Bd. of Regents of Univ. Sys. of Georgia*, 732 F. App'x 779, 782 (11th Cir. 2018)(affirming dismissal after concluding that arguable probable cause to arrest plaintiff disposes of false arrest claim *citing May v. City of Nahunta,* 846 F.3d 1320, 1329 (11th Cir. 2017)).

### B. No Unlawful Search Occurred to Violate the Fourth Amendment (Count II)

The existence of three tiers of police-citizen encounters with respect to the Fourth Amendment has been well-settled for a long time. *See United States v. Espinosa-Guerra*, 805 F.2d 1502, 1506 (11th Cir. 1986). These three levels are: (1) a consensual police-citizen encounter or communication involving no coercion, (2) brief "seizures" or investigatory detentions, and (3) full scale arrests. *Id*. "The first category of consensual encounters does not implicate fourth amendment scrutiny," and the second category requires "reasonable, articulable suspicion that the person has committed or is about to commit a crime." *Id*.; *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015). Courts have also held that "a police-citizen encounter remains consensual, even where the officers ask questions about criminal activity." *Garcia v. State*, 979 So. 2d 1189, 1192

13

(Fla. 4th DCA 2008); *P. W. v. State*, 965 So. 2d 1197 (Fla. 4th DCA 2007)(holding that an officer's request to conduct a pat down search did not turn a consensual encounter into an investigatory stop).

### 1. Encounter Prior to Arrest was Consensual

No violation of the Fourth Amendment can exist because Plaintiff's initial encounter with the Defendants is undeniably consensual. As alleged, Plaintiff reported his vehicle stolen and "waived Defendant Bloom down to get his attention" in order to "explain[] to him that the car was stolen." D.E. 1 ¶ 15. "Defendant Bloom began interrogating Scott" and "asked whether the vehicle was repossessed." *Id*. "Scott explained that the car had not been repossessed but it was stolen." *Id*. "Defendant Bloom asked Scott to complete and execute [a] stolen vehicle affidavit detailing the situation," and Plaintiff "did so without hesitation." *Id*. After completing the affidavit, "Defendants all surrounded…and began interrogating" Plaintiff and had him place his hands on a patrol car. D.E. 1 ¶ 16. "Williams and Hernandez began to search Scott's person." *Id*. Plaintiff does not contend that he objected to the search and there is no allegation that coercion or physical force was used or that Plaintiff was restrained at any time during the consensual encounter prior to the actual arrest. *See generally* D.E. 1.

Plaintiff's actions, as alleged, constituted non-verbal consent. "Searches conducted by means of consent are valid so long as the consent is voluntary." *United States v. Chrispin*, 181 Fed. Appx. 935, 938 (11th Cir. 2006) (citing *United States v. Kapperman*, 764 F.2d 786, 793 (11th Cir. 1985)). In *U.S. v. Chrispin*, officer's search of arrestee's person was lawful based on arrestee's voluntary implied consent despite no verbal assent of consent given. *Id*; *see also United States v. Labrada*, 11-20167-CR, 2011 WL 13134195, at *5 (S.D. Fla. Sept. 9, 2011), report and recommendation adopted, 11-20167-CR, 2012 WL 12893063 (S.D. Fla. Jan. 3, 2012)(complainant

provided Special Agent with consent to search his wallet for identification and a concealed weapons permit through his non-verbal gestures and responses to Special Agent's questions). Similarly, here, despite no allegation of verbal consent given, any search of Plaintiff's person where he responded to Defendants' request to place hands on patrol car and did not object to search remained consensual and did not turn the encounter into an investigatory stop.

Based on his allegations he had an interest in speaking to the officers since he called the police, demonstrating his consent to the encounter until arrested. Significantly, Plaintiff had not, by word or actions, indicated that he wished to terminate the encounter. The purported search did not transform what was a consensual encounter into a seizure. Thus, the allegations are insufficient to give rise to a Fourth Amendment violation.

### 2. Only Reasonable Articulable Suspicion was Required for Search

Even if this Court does not find the search to be consensual, Plaintiff mistakenly claims Defendants did not have probable cause to search him. D.E. 1 ¶ 30. At most, when Defendants searched Plaintiff, this interaction would be considered a brief seizure, requiring only reasonable suspicion. D.E. 1 ¶¶ 16, 30; *See Matchett*, 802 F.3d at 1191; *Gatling v. Roland*, 5:10-CV-55 CAR, 2010 WL 3455283, at *4 (M.D. Ga. Aug. 26, 2010)(encounter became a Terry stop when officer ordered Plaintiff to get out of the car and place his hands on the roof. It became a full-scale search and arrest when officer placed his finger and then his flashlight into Plaintiff's mouth and finally transported Plaintiff to the police station, due to the more intrusive nature of the search.)

To determine whether reasonable suspicion exists, the Court "must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Matchett*, 802 F.3d at 1192. Even if the Defendants did not observe any illegal activity, "[a] reasonable suspicion of criminal activity may

be formed by observing exclusively legal activity." *Id*. (citing *United States v. Gordon*, 231 F.3d 750, 754 (11th Cir. 2000)). When conduct is susceptible to both an innocent and a suspicious explanation, an "officer[ ][can] detain the individual[ ] to resolve the ambiguity." *Id*. "[O]ther circuits have held that individuals reasonably suspected of burglary ... can be frisked for weapons under Terry because of the nature of th[e] offense[ ]." *Id*. at 1193. "Accordingly, temporary and limited direction imposed upon a citizen by the police does not automatically convert a consensual encounter into an arrest." *Id*. And "[a] limited pat-down of the [Plaintiff] is insufficient to constitute detention." *Id*. at 1338.

Based upon the circumstances surrounding the initial encounter with the Plaintiff as alleged in the Complaint, the Defendants, were suspicious that Plaintiff was in some way involved in the criminal activity involving the accident scene under Fla. Stat. § 316.061 or making a false report of a crime under Fla. Stat. §817.49, and Plaintiff stating otherwise did not dispel Defendants of the belief. [3] *See, e.g*., D.E. 1 ¶ 15 ("Defendant Bloom began interrogating Scott" upon arrival and asked "whether the vehicle was repossessed); ¶ 16 ("Defendants all surrounded Scott and immediately began interrogating him as if he had stolen his own vehicle" even after he completed the affidavit). The suspicion was reasonable despite Plaintiffs' conclusory allegations that his entirely legal activity of reporting a stolen vehicle did not create probable cause for Defendants. D.E. 1 ¶ 30. As such, reasonable suspicion existed to briefly "seize" the Plaintiff for purposes of a pat down search of Plaintiff's person due to the nature of the potential crime. Plaintiff does not

---

[3] A fair reading of this vague Complaint would also permit this Court to utilize the "fellow officer rule" to establish any reasonable suspicion and probable cause (or, even arguable reasonable suspicion and arguable probable cause) since it is clear from the face of the Complaint Officer Hernandez arrived after events were underway with other officers. *See Joyce v. Crowder*, 480 Fed.Appx. 954, 959 (11th Cir. 2012) (per curiam) (noting that officers were entitled to rely on information from a fellow officer, without verification).

allege that Hernandez removed any item on his person prior to the arrest, indicating the search did not exceed the limited purpose of checking for weapons. D.E. 1 ¶ 16.

Specifically, Officer Hernandez is still entitled to qualified immunity for the search of Plaintiff's person even if he was mistaken in the identity of the Plaintiff or in believing he made a false report. All Officer Hernandez needed was arguable reasonable suspicion to conduct the search. *See Young v. Eslinger*, 244 Fed.Appx. 278 (11th Cir. 2007); *Jackson v. Sauls,* 206 F.3d 1156, 1166 (11th Cir. 2000). *See also Moreno v. Turner*, 572 Fed. Appx. 852, 853 (11th Cir. 2014)(affirming dismissal of 1983 unlawful search and seizure claim based on officers entitlement to qualified immunity where officer had plaintiff place his hands on patrol car and frisked him seizing personal items including wallet and where plaintiff's factual allegations were too vague and conclusory). A reasonable officer possessing the same information in Officer Hernandez's position "could" have thought it was necessary to check for weapons given the circumstances prior to the actual arrest. *See Jackson*, 206 F.3d at 1165-66.[4]

## IV.  STATE LAW FALSE ARREST CLAIM IS BARRED BY FLA. STAT. § 768.28

Florida Statute § 768.28(9)(a) provides an immunity from suit for officers and the presumption of good faith attaches to an officer's actions, unless it is **shown** that the officer "acted in bad faith or with malicious purpose or with wanton or willful disregard of human rights." Under § 768.28, Florida Statutes:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort … for any injury or damage suffered as a result of any act,

---

[4] In the sequence of events as it relates to Officer Hernandez: Defendants searched Scott's person, Guzman noticed that Plaintiff was wearing a white undergarment, Defendants arrested Scott, and Defendants removed Scott's personal belongings including his wallet. D.E. 1 at ¶ 16. Thus, the subsequent search of Plaintiff's person and the removal of his wallet was conducted as a lawful search incident to arrest. *See United States v. Brown*, 822 F. Supp. 750, 753 (M.D. Ga. 1993), aff'd, 50 F.3d 1037 (11th Cir. 1995)(finding search of person and removal of his wallet after formal arrest as proper search incident to arrest).

> event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). Plaintiff has wholly failed to articulate how any of Officer Hernandez's actions were done with malice or bad faith in light of probable cause existing for the arrest. *See Bloom v. Alvereze*, 498 F. Appx 867, 881 (11th Cir. 2012) (affirming dismissal under Fla. Stat. § 768.28(9)(a), sovereign immunity, finding that the alleged misconduct of the defendant failed to establish bad faith in light of the conclusory allegations). Plaintiff's state tort claim against Officer Hernandez devoid of any **specific** allegation that shows actual malice or bad faith. In fact, the allegations establish he was acting within the scope of his duties as a duly appointed law enforcement officer for the City of Miami D.E.#1 at ¶6. Rather, the claim merely asserts vague and conclusory allegations, which is not enough to hold him personally liable for the actions he took within the scope of his employment.

WHEREFORE, MIGUEL HERNANDEZ, respectfully requests this Honorable Court grant his motion to dismiss and any other relief it deems appropriate.

I HEREBY CERTIFY that on this 24th day of June, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        MARRERO & WYDLER
        *Counsel for Defendant Hernandez*
        2600 Douglas Road, PH-4
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)

        By: /s/ Lourdes Espino Wydler
            OSCAR E. MARRERO
            Florida Bar Number: 372714
            oem@marrerolegal.com
            LOURDES ESPINO WYDLER
            Florida Bar Number: 719811
            lew@marrerolegal.com

**SERVICE LIST**

Faudlin Pierre, Esq.
Florida Bar No: 56770
Fplaw08@yahoo.com
PIERRE SIMON
60 S.W. 4th Avenue
Ft. Lauderdale, FL 33315
(305) 336-9193
*Counsel for Plaintiff.*

Brandon Fernandez, Esquire
Florida Bar No: 1002969
BFernandez@miamigov.com
Bryan Capdevila, Esquire
Florida Bar No: 119286
Office of the City Attorney
City of Miami
444 S.W. 2nd Avenue, 9th Floor
Miami, FL 33130-1910
BCapdevila@miamigov.com

(305) 416-1800
(305) 400-5071 (fax)
Deborah Bailey, Legal Assistant
dbailey@miamigov.com
tmickens@miamigov.com
***Counsel for Defendants, City of Miami, Guzman, Bloom, Williams, and Carriel.***