**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-23995-PCH

SAMUEL SCOTT JR.,

Plaintiff,

vs.

CITY OF MIAMI, *et al*.,

Defendants.
_______________________________/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendants City of Miami, Jonathon Guzman, Michael Bloom, Miguel Hernandez, and Randy Carriel's (collectively, "Defendants") Motion to Tax Costs against Samuel Scott, Jr. ("Scott" or "Plaintiff"), (ECF No. 86). Plaintiff filed a Response (ECF No. 91), to which Defendants filed a Reply, (ECF No. 92). Having reviewed the Parties' briefs, the record as a whole, and being otherwise well advised in the premises, the undersigned respectfully **RECOMMENDS** that the Motion, (ECF No. 86), be **GRANTED in part and DENIED in part**.

## I. BACKGROUND

Plaintiff filed a civil rights action against Defendants, (ECF No. 1). The Court granted summary judgment in Defendants' favor on all counts, (ECF No. 83), and entered a final judgment, (ECF No. 84). Plaintiff appealed the Court's Order, (ECF No. 85). As the prevailing party, Defendants sought to recover taxable costs pursuant to 28 U.S.C. § 1920 and filed the instant Motion, (ECF No. 86), and an accompanying Bill of Costs, (ECF No. 86-1).

Thereafter, this Court issued an Order directing Defendants "to file a Notice no later than Tuesday, September 19, 2023 setting forth the cost of each of the following deposition transcripts

using a non-expedited rate: (i) Jonathan Guzman; (ii) Randy Carriel; (iii) Miguel Hernandez; (iv) Gary Sampson; and (v) Michael Bloom." (ECF No. 95). The day before the court-imposed deadline, the Court entered an Order staying the Motion pending the resolution of Plaintiff's appeal. (ECF No. 96). The Order stated that Defendants could seek to reinstate their Motion within fourteen days of the Eleventh Circuit's mandate. (*Id.* at 1).

The Eleventh Circuit issued its mandate on September 23, 2025. (ECF No. 104). Defendants timely filed a Motion to Reinstate the Motion to Tax Costs, (ECF No. 106), which Plaintiff opposed, (ECF No. 108). The undersigned entered an Order, (ECF No. 110), reinstating the Motion to Tax Costs. The Order further instructed Defendants to file the information requested in the Court's prior Order, (ECF No. 95), within seven days.[1]

On July 6, 2026, Defendants filed a Notice in Compliance with that Order, advising the Court that defense counsel sought to obtain the non-expedited rates from the court reporter, but did not receive a response. (ECF No. 111).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). A district court may tax as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

[1] Seven days from the Court's Order was Friday, July 3, 2026. Because the Court was closed on July 3, 2026, in observation of the Independence Day holiday, Defendants' response was due on Monday, July 6, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when a deadline falls on a weekend or legal holiday, the period continues until the next day that is not a weekend or legal holiday).

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III. DISCUSSION

Defendants prevailed in this action. As such, they are entitled to all costs recoverable under 28 U.S.C. § 1920. Defendants seek to recover $10,642.85, consisting of $335.00 in process server fees and $10,307.85 in deposition costs. (ECF No. 86-1). Defendants included invoices supporting these costs, (ECF No. 86-2).

Plaintiff argues that the requested costs should be denied in their entirety because Defendants make conclusory statements as to necessity and reasonableness. (ECF No. 91 at 4). Although Defendants waited until their Reply to provide detailed explanations for their costs, the undersigned finds that, for the most part, the necessity of these costs is apparent from the record. *See*, *e.g.*, *Gonzales v. Pasco Cnty. Bd. of Cnty. Comm'rs*, No. 11-CV-1397, 2013 WL 1810820, at *2 (M.D. Fla. Apr. 29, 2013) ("Although the Court agrees that Pasco County altogether failed to explain why any of the requested costs were necessary for use in the case, the necessity of the depositions is apparent based

on the motion for summary judgment. As such, the Court finds the majority of Pasco County's costs are taxable under section 1920."). Additionally, at least with respect to the deposition transcripts, the burden is on the party opposing the cost to demonstrate that the deposition was not necessary. *See Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2013 WL 12090047, at *2 (S.D. Fla. Apr. 23, 2013) ("The burden is on the party opposing taxation to demonstrate that the depositions were not related to an issue which was present in the case at the time the deposition was taken."); *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008), *report and recommendation adopted in part*, 2008 WL 11412061 (S.D. Fla. July 7, 2008) ("Because the parties presumably have equal knowledge of the basis for each deposition, unlike with photocopying costs, the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition."). As such, the undersigned will address the merits of Defendants' Motion.

**A. Process Server Fees**

Plaintiff argues that the Court should disallow the $335.00 sought in process server fees because Defendants have not included documentation for mileage or hours expended in serving the subpoenas. (ECF No. 91 at 5).

"[S]ervice of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). The United States Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Thus, a party may recover

private process server fees so long as the rate does not exceed $65.00 per hour plus travel and out-of-pocket expenses.

Here, Defendants have provided invoices for the subpoenas served. (ECF No. 86-2 at 3–9). With the exception of the service of an out-of-state subpoena, the process server fees are either $30.00 or $60.00; these amounts are reasonable in the Eleventh Circuit. *See*, *e.g.*, *Pinero v. Jorge Alberto Alvarez Revocable Living Tr.,* No. 23-CV-20056-JEM, 2024 WL 264150, at *6 (S.D. Fla. Jan. 8, 2024), *report and recommendation adopted sub nom. Pinero v. Alvarez*, 2024 WL 262752 (S.D. Fla. Jan. 24, 2024) (awarding $60.00 service of process fees). As to the out-of-state subpoena, the undersigned finds the $95.00 rate to be reasonable. *See BMC Bus. Overseas Corp. v. Incasa LLC*, No. 17-24046-CIV, 2019 WL 1897804, at *4 (S.D. Fla. Feb. 15, 2019), *report and recommendation adopted*, No. 17-24046-CIV, 2019 WL 1897678 (S.D. Fla. Feb. 27, 2019) ("The $105 fee reflects a reasonable rate when compared to the Marshal's routinely-collected $65 fee because it was for an out-of-state summons.").

Plaintiff challenges the reasonableness of the service cost for one of the record custodians because service was served via email, (ECF No. 91 at 5) (quoting 28 C.F.R. § 0.114(a)(3)'s language regarding "process served or executed **personally**" (emphasis in Response)). The invoice for the T-Mobile records custodian, (ECF No. 86-2 at 3), charges $30.00 for what appears to be service of a subpoena by email. Defendants did not respond to this argument in their Reply.[2] The failure to respond to an argument may be viewed as a concession. *See Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023) ("A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness."); *Lakeshore Cmty. Ass'n, Inc. v. Everest Nat'l Ins. Co.*, No. 21-

[2] While the Reply addressed *why* T-Mobile was subpoenaed, (ECF No. 92 at 2), it did not address Plaintiff's objection to the reasonableness of the cost given that it was served via email and not personally.

CV-24247, 2025 WL 1411094, at *1 (S.D. Fla. May 15, 2025) ("Because Plaintiff did not file a Reply or address this argument in its Motion, the Court views Plaintiff's failure to respond as a concession."). Because Defendants failed to support the reasonableness of the $30.00 charge for the T-Mobile subpoena served via email, this cost should not be awarded.

Accordingly, Defendants should be awarded $305.00 ($335.00 minus $30.00) in process server fees.

**B. Deposition and Transcription Fees**

Defendants seek reimbursement of $10,307.85 in fees for depositions taken in this action. The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See W&O, Inc.*, 213 F.3d at 620–21. Additionally, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition." *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV, 2014 WL 3673308, at *3 (S.D. Fla. July 23, 2014) (citing *W & O, Inc.*, 213 F.3d at 621). "The non-prevailing party bears the burden of showing that specific deposition costs were not necessary for use in the case." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009).

**1. Plaintiff's Deposition**

Defendants seek to recover $2,410.20 in costs expended in obtaining Plaintiff's deposition. Plaintiff objects to the following items: (1) the court reporter appearance fees; (2) condensed transcripts; (3) litigation technology, support, and security management; and (4) transcript handling and processing fees. (ECF No. 91 at 6). Plaintiff further argues that the $991.90 deposition transcript cost is excessive because only 160 pages consists of deposition testimony and argues that the

remaining pages (witness notification letter and indices)[3] are not taxable. (*Id.*). Lastly, he argues that Defendants should not be permitted to recover the costs associated with obtaining a copy of Plaintiff's deposition because the original deposition was produced electronically and defense counsel could have distributed it. (*Id.* at 7).

Defendants respond that court reporter attendance fees and handling and processing fees are taxable. (ECF No. 92 at 5–6). They respond with case law to support the proposition generally that the exhibits were obtained to understand the transcript and preserve Plaintiff's testimony, (*id.* at 6), but do not explain what specifically about these exhibits (or about Plaintiff's testimony) rendered them necessary to understand the testimony. Thus, Defendants have not demonstrated their need. *See Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) ("[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel. . . . Defendant's conclusory argument that all costs incurred were necessary is insufficient to show that these expenses were incurred out of necessity rather than convenience.").

Defendants also argue that the cost of obtaining a copy of Plaintiff's deposition transcript (and its incidental charges) was necessarily incurred because, at that time, Defendants had not yet agreed to file a joint summary judgment motion and thus it was reasonable for separate counsel to each obtain a copy of the deposition transcript. (*Id.* at 7). "[T]he party seeking costs for an additional copy of a deposition transcript must justify why the additional copy is necessary." *Grigorian v. FCA US, LLC*, No. 18-24364-CIV, 2021 WL 5605542, at *8 (S.D. Fla. Oct. 1, 2021), *report and recommendation*

---

[3] Plaintiff did not raise the objection to the indices and witness notification pages for the other deponents. Therefore, the undersigned does not address those costs with respect to the remaining deposition transcripts.

*adopted*, 2021 WL 5579276 (S.D. Fla. Nov. 30, 2021). Here, Defendants have provided a sufficient explanation for why the certified copy of Plaintiff's deposition was necessarily obtained.

The undersigned finds that Defendants are entitled to recover the court reporter attendance fees and the cost of the transcript, but may not recover incidental expenses. "Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem." *Monelus*, 609 F. Supp. 2d at 1338; *Hernandez v. WL Gen. Servs. Corp.*, No. 25-CV-20120, 2026 WL 497050, at *3 (S.D. Fla. Feb. 4, 2026), *report and recommendation adopted*, 2026 WL 496879 (S.D. Fla. Feb. 23, 2026) ("Court reporter attendance fees constitute taxable costs because the attendance of a court reporter at a deposition is directly related to the preparation of the transcript."). However, miscellaneous charges are not taxable. "[M]iscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." *Silberman v. Premier Beauty & Health LLC*, No. 20-CV-21984, 2025 WL 1047107, at *5 (S.D. Fla. Feb. 11, 2025), *report and recommendation adopted*, No. 20-CV-21984, 2025 WL 947023 (S.D. Fla. Mar. 30, 2025); *see also Harris v. Garcia*, No. 19-CV-22799-DPG, 2025 WL 564335, at *2 (S.D. Fla. Jan. 22, 2025), *report and recommendation adopted*, No. 19-CV-22799, 2025 WL 561084 (S.D. Fla. Feb. 20, 2025) ("Miscellaneous costs associated with deposition transcripts, such as shipping and handling, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case."); *Subsea Marine Servs., Inc. v. Sint Maarten Int'l Telecomms. Servs., Inc. a/k/a Smitcoms, Inc.*, No. 24-CV-14016-AMC, 2026 WL 2034154, at *3 (S.D. Fla. June 24, 2026), *report and recommendation adopted sub nom. Subsea Marine Servs., Inc. v. Sint Maarten Int'l Telecomms. Servs., Inc.*, 2026 WL 2031926 (S.D. Fla. July

14, 2026) ("Courier, postage, exhibits, expedited copies, condensed transcripts, and shipping and handling fees are not taxable costs under Section 1920."). Defendants did not respond to Plaintiff's characterization of the transcript as including matters for convenience of counsel only, like the word indices; the Court will treat that failure to respond as a concession that here, only 160 pages of the transcript was necessary.

Accordingly, the undersigned recommends that Defendants be awarded the court reporter attendance fees and transcription costs for Plaintiff's deposition (for only the 160 pages consisting of deposition testimony) for both the original and the certified copy, $1,763.00 ($475.00 in court reporter attendance fees, plus 160 pages x $4.55 for the original transcript, plus 160 pages x $3.50 for the certified copy of the transcript).

**2. Depositions of Arran Bryant and Emily Bryant**

Defendants seek reimbursement of $948.15 for the depositions of Arran Bryant and Emily Bryant. (ECF No. 86-2 at 18). Plaintiff objects to the following costs as not taxable under § 1920: (1) the court reporter appearance fees, (2) condensed transcripts, (3) litigation technology, support, and security management, and (4) transcript handling and processing fees. (ECF No. 91 at 9). Plaintiff also argues that Defendants have failed to show that the depositions of Arran and Emily Bryant were necessary. (*Id.*).

As the party objecting to the deposition costs, Plaintiff "bears the burden of showing that specific deposition costs . . . [were] not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George*, 2008 WL 2571348, at *5. Plaintiff states that these witnesses did not have personal knowledge of the issues central to the case and notes that no party used these depositions in the case. (ECF No. 91 at 10).

"The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were 'necessarily obtained for use in the case.'" *Collazo v. Progressive Select Ins. Co.*,

No. 23-CV-22953-KMM, 2025 WL 3285156, at *3 (S.D. Fla. Aug. 15, 2025), *report and recommendation adopted*, No. 23-CV-22953-KMM, 2025 WL 3285258 (S.D. Fla. Sept. 2, 2025) (quoting *E.E.O.C.*, 213 F.3d at 620–21). Plaintiff's bare assertion is insufficient to meet his burden. *See Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) ("In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial."). Defendants represent that the Bryants knew of Plaintiff's whereabouts on the date of his arrest. (ECF No. 92 at 9).

Moreover, it is not necessary that a deposition be filed in the case for it to be taxable under § 1920. *See Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV, 2014 WL 3673308, at *3 (S.D. Fla. July 23, 2014) ("Despite Plaintiff's argument that the transcript was not used in Defendant's summary judgment motion, the Court finds that the hearing transcript was related to Plaintiff's claims and therefore necessary."). For these reasons, the undersigned finds that the Bryants' depositions were necessarily obtained for use in the case and therefore taxable under § 1920.

Thus, Defendants should recover the costs for obtaining the original transcript of these depositions and the court reporter attendance fees. *See Hernandez*, 2026 WL 497050, at *3 (noting that court reporter attendance fees are taxable under § 1920). The remaining costs—condensed transcripts, litigation technology, support, and security management, and transcript handling and processing fees—were incurred for counsel's convenience and are therefore not taxable under § 1920. *See Silberman*, 2025 WL 1047107, at *5 (disallowing miscellaneous deposition expenses such as shipping and handling, exhibit costs, and condensed transcripts).

Accordingly, the undersigned recommends that Defendants be awarded $708.15 (court reporter attendance fees plus original transcript costs) for the depositions of Arran Bryant and Emily Bryant.

**3. Depositions of Jonathan Guzman, Randy Carriel, Miguel Hernandez, Gary Sampson, and Michael Bloom**

Defendants also seek to recover $6,949.50 in costs incurred for the expedited deposition transcripts of Jonathan Guzman, Randy Carriel, Miguel Hernandez, Gary Sampson, and Michael Bloom. (ECF No. 86-2 at 13–17).

Plaintiff argues that the expedited transcripts are not recoverable because they were obtained for counsel's convenience. (ECF No. 91 at 8). Plaintiff attached an email dated June 4, 2022 from his attorney asking to take the depositions of the officers and the City of Miami beginning in July. (ECF No. 91-1). He represents that it was Defendants who chose to have their depositions taken closer to the close of discovery. (ECF No. 91 at 9). Thus, Plaintiff argues that he should not have to incur the cost of paying for expedited transcripts. (*Id.*).

Defendants point out that these depositions were taken between December 28, 2022 and January 12, 2023, less than one month from the January 24, 2023 extended dispositive motions deadline. (ECF No. 92 at 7–8). They note that the Court did not rule on the motion to dismiss until September 15, 2022; thus, in an effort to avoid unnecessary expenses (in the event the Court granted the motion), the depositions and the exchange of written discovery was not coordinated before September. (*Id.* at 9). Defendants state that the depositions did not take place until December to accommodate the Parties' busy schedules (noting that there was one plaintiff, six defendants, and three attorneys in the case). (*Id.*).

Expedited deposition transcripts are taxable when reasonably necessary. *See Biscayne Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CIV, 2014 WL 12631667, at *3 (S.D. Fla. July 29, 2014) ("The cost of an expedited deposition transcript is [] not recoverable as a taxable cost unless the prevailing party explains why it was necessary to get the transcript in an expedited fashion."); *Davis v. Sailormen, Inc.*, No. 05-CV-1497, 2007 WL 1752465, at *4 (M.D. Fla. June 15, 2007)

(finding expedited deposition transcripts were not taxable where the record did not reflect a need for the expediency).

"Courts in this District have awarded costs for expedited deposition transcripts where the depositions took place within 30 days of the deadline to file dispositive motions." *Harris*, 2025 WL 564335, at *2. Although the depositions were taken within 30 days of the January 24, 2023 dispositive motions deadline, Plaintiff's counsel sought to schedule these depositions for July 2022. (ECF No. 91-1). The explanation provided by Defendants suggests that the depositions could have been taken sooner but were deliberately delayed—first, in the hopes that the Court would grant the motion to dismiss and later to accommodate busy schedules. Under these circumstances, the undersigned concludes that Defendants have not shown that the expedited costs for these depositions were necessary.

The Court provided Defendants with an opportunity to provide non-expedited rates for these depositions, both prior to the stay and after the Motion was reinstated. (ECF Nos. 95, 110). Defendants filed a notice indicating that they were unable to obtain the non-expedited rates. (ECF No. 111).

Generally speaking, costs incurred for the production of deposition transcripts that were necessarily obtained for use in a case are recoverable at a reasonable, non-expedited rate in the realm of $4.50 per page. *See Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022) (finding reasonable a per-page rate of $4.50 for deposition transcripts), *report and recommendation adopted*, 2022 WL 1605333 (S.D. Fla. May 20, 2022). Accordingly, the undersigned recommends that the costs for the depositions of Jonathan Guzman, Randy Carriel, Miguel Hernandez, Gary Sampson,[4] and Michael Bloom be limited to recovery at a standard, non-

---

[4] The invoice for Gary Sampson does not disclose the number of pages of the transcript. (ECF No. 86-2 at 16). But the record reflects that his deposition transcript was 51 pages. *See* (ECF No. 69-7). The 51 pages includes the certificate of oath, certificate of report, errata sheet, and acknowledgment of deponent. *See* footnote 3, *supra*.

expedited rate of $4.50 per page. The total costs of these depositions at the $4.50 rate is $4,063.50 (249 pages for Guzman, 185 pages for Carriel, 154 pages for Hernandez, 51 pages for Sampson and 264 pages for Bloom).

## IV. RECOMMENDATIONS

Based on the foregoing considerations, I recommend that the Defendant's Motion to Tax Costs (ECF No. 86) be **GRANTED in part and DENIED in part,** and that Defendants be awarded **$6,839.65** ($305.00 for service of process fees and $6,534.65 for the deposition transcripts) in taxable costs.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). Response to objections, if any, must be filed within seven (7) days of service of the objections.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 28th day of July, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE